**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**


**UNITED STATES OF AMERICA**

v.

**CLAUDIA PATRICIA DIAZ GUILLEN and**
**ADRIAN JOSE VELASQUEZ FIGUEROA**

**Case No. 18-cr-80160-**
**DIMITROULEAS**

**Defendant.**

/

**NON-PARTY MAXIMLIANO CAMINO BERAN'S MOTION TO QUASH**
**DEFENDANTS' RULE 17 SUBPOENA AND**
**MEMORANDUM IN SUPPORT OF SAME**

Non-party Maximiliano Camino Beran ("Mr. Camino"), by and through undersigned counsel, submits this motion to quash a subpoena served on Mr. Camino at the beginning of his direct examination on Friday, December 2, 2022, by Defendants Adrian Jose Velasquez Figueroa and Claudia Patricia Diaz Guillen ("Defendants") to produce nearly a decades' worth of emails and documents (the "Subpoena"). A copy of the Subpoena is attached as Exhibit A and his memorandum is incorporated herein.

**INTRODUCTION**

Mr. Camino seeks protection from having to undertake a massive review of potentially thousands of emails and/or documents that appear to have no relevance to this case. The Subpoena lacks specificity and is patently unreasonable and oppressive due to its timing and scope. At the time of filing this Motion, Mr. Camino is a non-party witness testifying pursuant to a compulsion order. He has no burden to establish that the Subpoena is improper. Instead, it is the Defendants' burden to establish that the emails and documents sought therein are specific, relevant, and

admissible. Because Defendants do not appear able to meet that burden, the Subpoena should be quashed under Federal Rule of Criminal Procedure Rule 17(c).

## BACKGROUND

The Superseding Indictment (the "Indictment") alleges that Defendants engaged in a money laundering conspiracy with Raul Gorrin Belisario (Count 2) and two counts of laundering of monetary instruments (Counts 9 and 10) involving funds obtained through the bribing of foreign officials in Venezuela. *See* ECF No. 44.

The Subpoena seeks nine years (2010-2018) of all communications between Mr. Camino and:

1. Adrian Jose Velazquez Figueroa;

2. Victor Jaramillo;

3. Henry Camino;

4. any agent, employee, officer, or director of any foreign financial institution or foreign financial brokerage;

5. Gerald Roberts; and

6. Carolina Pastulaoto.

It also seeks 13 years (2010-present) of all communications between Mr. Camino and any agent, employee, member, officer, or director of:

7. Unitra Holding Corp PA; and

8. Delancey Inc.

Finally, it seeks all records, without a reference to dates and/or subject matter related to the following entities:

9. Taiwan Limited,

10. Arganine Inc, and/or

11. Garton Investments Ltd.

The Subpoena has a return date of November 28, 2022 and literally requires Mr. Camino, a non-party, to collect, review and produce thousands of documents generated over a thirteen-year time frame *while he is testifying pursuant to a compulsion order*. (Emphasis added).

## LEGAL STANDARD

Under Rule 17(c) of the Federal Rules of Criminal Procedure, a party may subpoena a witness to produce certain designated items in court "before trial or before they are to be offered in evidence." The Court may "quash or modify [a] subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *see also United States v. Thompson*, 310 F.R.D. 542, 544 (S.D. Fla. 2015).

The party seeking documents pursuant to Rule 17(c) has the burden to show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.' *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). The subpoenaing party is further required to establish that the requested documents are "relevant, admissible, and specifically identified." *United States v. Thompson*, 310 F.R.D. 542, 544 (S.D. Fla. 2015). The Subpoena fails this test.

## ARGUMENTS

### I.    THE REQUESTED DOCUMENTS APPEAR TO BE IRRELEVANT AND INADMISSIBLE.

The purpose of Rule 17 is to expedite trial.  *See U.S. v. Brown*, No. 11-60285, 2013 WL 1624205, at *3 (S.D. Fla Apr. 15, 2013) (citing *Nixon*, 418 U.S. at 698).  A Rule 17 subpoena is

not intended to be used as a 'general fishing expedition.'" *Nixon*, 418 U.S. at 699–700.  The broad-sweeping requests in the Subpoena for over a decades-worth of communications and/or documents involving 11 individuals and/or entities without limitation to subject matter is inherently irrelevant. As a result, Defendants cannot sufficiently meet their burden to show that their request is evidentiary and relevant to  their defenses.

The Subpoena seeks communications between Mr. Camino and the above-mentioned individuals without providing any apparent basis for why those communications are relevant to their defenses in this case. This kind of categorical demand for emails is inherently overbroad. *See United States v. Hastie*, No. CR 14-00291-CG-N, 2015 WL 13310085, at *1 (S.D. Ala. Apr. 21, 2015) ("A request for 'any and all data' associated with certain e-mail addresses for a period of nearly three years based on a belief that the files may include exculpatory information does not satisfy the specificity criterion.").  "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the Subpoena is being misused." *Brown*, 2013 WL 1624205, at *4 (*emphasis added*) (citing *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984)).

Courts have quashed subpoenas that describe documents with a similar lack of specificity to those described in the Subpoena.  For example, in *United States v. Hills*, the district court quashed a defendant's trial subpoena seeking copies of the complete investigative file for certain specifically identified events (*e.g.*, the dismissal of certain employees).  No. 1:16CR329, 2018 WL 3036195, at *1 (N.D. Ohio June 19, 2018).  In evaluating the requests under the *Nixon* standard, the Court found that the requests failed to meet Rule 17(c)'s specificity requirements.  *See id.* at *3.

The instant Subpoena is replete with requests for "all" documents and "any" documents when seeking documents. Each request is non-specific using either the word "all" or "any" or both. *See United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992) (affirming quashing and finding that the defendant failed to meet Rule 17(c) and *Nixon* requirements because he "demonstrated why he wants to look into the material, but he has not set forth what the subpoena's materials contain, forcing the court to speculate as to the specific nature of their contents and its relevance."). Here, the Subpoena demands more than a decade of communications between Mr. Camino and 11 individuals and entities without any limitation. It is impossible, especially while Mr. Camino is on the witness stand, to determine the specific nature of the contents and relevance of thousands of communications. Such a request is insufficient under Rule 17(c).

Additionally, the Defendants must establish that the documents sought are relevant and admissible, which they have not. *See United States v. Barnes*, No. S9 04 CR 186 SCR, 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008) ("The items sought cannot merely be *potentially* relevant or admissible. Rather, they must be shown to be relevant and admissible *at the time the subpoena is sought*." (Emphasis added). Therefore, there is no basis to require Mr. Camino to respond to the Subpoena.

## II.      THE SUBPOENA IS UNREASONABLE AND OPPRESSIVE.

The Subpoena should also be quashed because "compliance would be unreasonable or oppressive." *Nixon*, 418 U.S. at 698. As set forth above, Mr. Camino is currently on the witness stand. It is impossible for him to comply with the Subpoena under the circumstances and therefore, the probative value that some of those documents may theoretically assist Defendants in impeaching Mr. Camino's credibility and/or testimony is outweighed by the monumental task of compelling his compliance with the Subpoena. *Compare United States v. McDonald*, 2011 WL 380575, at *1, *2 (4th Cir., Aug. 30, 2011) (affirming that the defense is not entitled to "any and

5

all records, notes, files, memorandum and/or documents" and regarding such a request for such discovery as an overbroad fishing expedition).

Compliance would require Mr. Camino to engage an e-discovery vendor to appropriately collect, process, and store the responsive data. Additionally, Mr. Camino, through counsel, would need to conduct a reasonable review for privileged documents, and, if necessary, prepare a privilege log. With thousands of potential documents to collect, process, and review, the potential monetary cost, time, and effort on Mr. Camino's part would be unreasonable.[1]

## CONCLUSION

For the foregoing reasons, Mr. Camino respectfully requests that the Court enter an order quashing the Subpoena and entering any other relief that the Court deems just and proper. Alternatively, if the Court requires Mr. Camino to respond to the Subpoena, he respectfully requests that the Court order Defendants to bear the costs incurred in responding to the Subpoena.

## CERTIFICATE OF GOOD FAITH CONFERRAL

Undersigned counsel has been unable to confer with counsel for Defendants since they are on trial in the instant matter.

Date: December 5, 2022                      Respectfully submitted,

**STUMPHAUZER KOLAYA NADLER &
SLOMAN, PLLC**
Two South Biscayne Boulevard, Suite 1600
One Biscayne Tower
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

/s/ *Jeffrey H. Sloman*

---

[1] In the alternative, in the event that the Court requires Mr. Camino to respond to the Subpoena, these costs should be paid by the Defendants. *See In re Grand Jury No. 76-3 (MIA) Subpoena Duces Tecum*, 555 F.2d 1306, 1308 (5th Cir. 1977) ("We hold that a court in exercising its power under Rule 17(c) of the Federal Rules of Criminal Procedure may, in appropriate circumstances, 'modify' the subpoena to require that the costs of compliance be borne by the [serving party].").

Jeffrey H. Sloman
Fla. Bar No. 378879
jsloman@sknlaw.com
Jacqueline Z. DerOvanesian, Esq.
Fla. Bar No. 125662
jderovanesian@sknlaw.com
*Attorneys for non-party Maximliano Camino Beran*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December, 2022, I electronically filed this document

with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.


Dated:  December 5, 2022                          */s/ Jeffrey H. Sloman*
                                                   Jeffrey H. Sloman

7