UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cr-80160-DIMITROULEAS(s)

UNITED STATES OF AMERICA

vs.

ADRIAN JOSE VELASQUEZ FIGUEROA,

    Defendant.
_____/

## GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The United States of America, by and through its undersigned attorneys, hereby files objections to specific paragraphs of the Draft Presentence Investigation Report for defendant Adrian Jose Velasquez Figueroa ("Velasquez Figueroa").

**Objection to Page 2 - Codefendants**

Claudia Patricia Diaz Guillen ("Diaz Guillen") was found guilty of Counts Two and Ten of the Superseding Indictment. Not as it currently reads Counts Two and Nine.

**Objection to Paragraph 1**

The government's position is that sentence five ("The Superseding Indictment contains a forfeiture allegation, pursuant to 21 U.S.C. § 981(a)(1)(C) [*sic*] and the government is seeking forfeiture.") should be deleted as repetitive of sentence three. Sentence five also is factually inaccurate because it fails to include both legal bases for the forfeiture allegation as contained in the Superseding Indictment, and the Government ultimately sought forfeiture under 18 U.S.C. § 982(a)(1).

**Objection to Paragraphs 4, 13, 14, 18, and 50**

While the government does not object to the facts contained in these paragraphs, we note that Gabriel Jimenez's related case was not directly relevant to the case against Velasquez Figueroa and Diaz Guillen, rather it is more directly relevant to the case against their fugitive co-defendant Raul Gorrin Belisario ("Gorrin Belisario"). If deleted as surplusage, the related case on page 2 would also need to be deleted.

**Objection to Paragraphs 6, 15, 22, and 44**

For consistency, the government recommends adding "Gorrin" before "Belisario" where cited.

**Objection to Paragraph 11**

The government believes that "casa de bolsa" is misspelled. It currently reads "casa de balsa."

**Objection to Paragraph 16**

The government recommends deleting "consecutive" in the first sentence as there was another National Treasurer between Andrade Cedeno and Diaz Guillen, albeit briefly.

**Objection to Paragraph 39**

The government's position is that "Diaz Guillen" should be deleted as she was not convicted of Count Nine.

**Proposed New Paragraph 43**

The government recommends the inclusion of the following paragraph based on trial testimony and evidence submitted at trial more clearly establishing Velasquez Figueroa's role:

> Acting as Diaz Guillen's front man, Velasquez Figueroa organized and supervised the opening of numerous offshore shell companies and corresponding Swiss bank accounts to receive the bribe payments from Gorrin Belisario on behalf of Diaz Guillen.

If accepted, all paragraphs would need to be renumbered accordingly.

**Objection to Paragraph 43**

The government recommends replacing $65 million with $136,752,007.46, the amount established at trial. In addition, since Diaz Guillen was not convicted of Count Nine, the $8.6 million should be replaced with "at least approximately $8.4 million . . .."

**Objection to Paragraph 48**

The government recommends including the following facts: Velasquez Figueroa and Diaz Guillen were arrested in Spain pursuant to a provisional arrest warrant on December 23, 2020. Extradition was sought and on May 13, 2022, Diaz Guillen appeared in court, having been extradited from Spain and on October 14, 2022, Velasquez Figueroa appeared in Court, having been extradited from Spain.

In addition, "foreign corrupt practices act" should be capitalized in both instances.

**Objection to Paragraph 51**

The government recommends replacing "is" with "was" in the last sentence as Alejandro Andrade Cedeno was already sentenced.

**Objection to Paragraph 52**

The government submits that Diaz Guillen's base offense level should be calculated under Section 2S1.1(a)(1) of the Sentencing Guidelines where a foreign official is convicted of money laundering and is accountable for the underlying offense under Section 1B1.3(a)(1)(A) of the Sentencing Guidelines. Since Diaz Guillen is accountable for the underlying FCPA offense, she will receive a public official enhancement under 2C1.1 (the appropriate offense level for the underlying offense), so 3B1.3 will not apply because 3B1.3 states, in part, "this adjustment may

not be used if an abuse of trust . . . is included in the base offense level or specific offense characteristic."

### Objection to Paragraph 53

The government objects to the lack of role adjustment for Velasquez Figueroa. Velasquez Figueroa was not paid the bribes because he was not the public official, rather he facilitated the receipt of the bribe payments for his public official spouse, Diaz Guillen, as her nominee. As evidenced at trial and outlined in the government's proposed new paragraph 43 above, Velasquez Figueroa organized the creation of shell companies and the opening of bank accounts to receive the bribe payments, in addition to handling direct communications with Gorrin Belisario and other co-conspirators, to include directing bribe payments on behalf of Diaz Guillen. In addition, it is the government's position that Velasquez Figueroa supervised at least one co-conspirator, Maximillian Camino. Therefore, it is the government's position that under 3B1.1(c) Velasquez Figueroa was an organizer, leader, manager, or supervisor and a two-level enhancement pursuant to 3B1.1(c) is appropriate. *See* U.S.S.G. § 3B1.1 cmt. n.2 ("An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization.").

### Objection to Paragraphs 63, 65, and 68

The government's position is that the two-level enhancement for 3B1.1(c) be included in the calculation of Velasquez Figueroa's offense level.

### Objection to Paragraph 77

The government understands that Velasquez Figueroa's brother's first name is spelled Josmel, not Cosmel.

**Objection to Paragraphs 91 and 94**

It is the government's position that Velasquez Figueroa potentially misrepresented his financial situation and likely possesses the ability to pay a fine. His refusal to answer certain financial questions, including the failure to disclose OFAC-sanctioned funds/accounts, the use of shell companies and/or companies concealing his status as beneficial owner in the underlying scheme, and outstanding answers to a myriad of basic financial questions regarding his business in Madrid, how he funded his lifestyle prior to arrest, including rent or mortgage payments, who is paying for the care of his minor children in Spain while he and his spouse are incarcerated, who is paying for his unemployed mother to live in Spain, and how he is paying his lawyers are all relevant to whether or not he has the ability to pay a fine. In addition, the government has information that it can expound upon at the sentencing hearing that Velasquez Figueroa has additional funds under his control and command that should be considered when evaluating whether or not he can pay a fine. Therefore, the government believes that drawing the conclusion that he cannot pay a fine at this stage is premature and that given more information a fine should be imposed.

**Objection to Paragraph 96**

The government's position is that the Guideline Provision should be 38, not 36, and the imprisonment range should be 235-293 based on the inclusion of the two-level enhancement for role adjustment noted above.

**Objection to Paragraph 102**

The government's position is that the maximum fine for Count 10 is $8 million, which is twice the value of the monetary instrument involved.

**Objection to Paragraph 103**

The government's position is that the minimum fine is $50,000 instead of $40,000 based on Level 38.

Respectfully Submitted,

| | | | |
|---|---|---|---|
| | GLENN S. LEON<br>CHIEF, FRAUD SECTION | | MARKENZY LAPOINTE<br>UNITED STATES ATTORNEY |
| By: | /s/ Paul A. Hayden<br>PAUL A. HAYDEN<br>MICHAEL CULHANE HARPER<br>Trial Attorneys<br>Fraud Section, Criminal Division<br>U.S. Department of Justice<br>1400 New York Avenue, N.W.<br>Washington, D.C. 20005<br>Telephone: (202) 353-9370<br>Email: paul.hayden2@usdoj.gov | By: | /s/ Kurt K. Lunkenheimer<br>KURT K. LUNKENHEIMER<br>Assistant United States Attorney<br>Court ID No. A5501535<br>U.S. Attorney's Office - SDFL<br>99 N.E. 4th Street, Suite 600<br>Miami, FL 33132-2111<br>Telephone: (305) 961-9008<br>Email: Kurt.Lunkenheimer@usdoj.gov |