UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-80160-DIMITROULEAS

UNITED STATES OF AMERICA

vs.

CLAUDIA PATRICIA DIAZ GUILLEN,
ADRIAN JOSE VELASQUEZ FIGUEROA,

      Defendants.
_____/

### THE GOVERNMENT'S RE-SENTENCING MEMORANDUM

The defendants, Claudia Patricia Diaz Guillen ("Diaz") and Adrian Jose Velasquez Figueroa ("Velasquez") (collectively Diaz and Velasquez are referred to herein as the "Defendants") are scheduled to be re-sentenced Monday, March 11, 2024. The Government respectfully submits this memorandum in connection with their re-sentencing.

Acknowledging that the Court entered an Indicative Order [DE 422] that it would grant a reduction in sentence under Part B of Amendment 821 to the United States Sentencing Guidelines (the "Guidelines") for both Defendants, specifically scoring the Defendants at an Offense Level 32, Criminal History Category One, for a revised sentencing range of 121-151 months, the Government respectfully requests the Court to re-sentence both Defendants to a term of imprisonment of 151 months (but no less than 144.5 months), which would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

I.      **LEGAL STANDARD**

18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *Id*. at 826–27. The statute authorizes relief only if a retroactive amendment to the Guidelines lowers the defendant's applicable sentencing guidelines range *and* relief is consistent with applicable policy statements. *Id*. The applicable policy statement here bars a court from granting relief below the bottom of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors[1], *id*. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

Under the § 1B1.10(a)(1) policy statement: "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable . . . has subsequently been lowered as a result of an amendment . . . the court may reduce the defendant's term of imprisonment as provided

---

[1]   The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's 18 U.S.C. § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

by 18 U.S.C. § 3582(c)(2)." Notably, "if a defendant receives a sentence modification under § 3582(c)(2), subsequent reduction based on the same amendment to the Guidelines is not available—the modified sentence is no longer based on the outdated Guidelines range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017). Courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

## II. THE 18 U.S.C. § 3553(a) FACTORS SUPPORT A SUBSTANTIAL RE-SENTENCE

Every one of the relevant factors set forth in 18 U.S.C. § 3553(a) strongly weighs in favor of a substantial term of imprisonment for both Defendants.[2] The nature and circumstances alone of the Defendants' participation in an immense money laundering and bribery scheme, involving more than a billion dollars in bonds and over a hundred million dollars in bribe payments, warrants a substantial sentence. As such, the Government respectfully requests the Court to re-sentence both Defendants to a substantial term of imprisonment of 151 months, which would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing. If, however, the Court re-sentences the Defendants to less than 151 months, the Court should impose a sentence of no less than 144.5 months in order to ensure consistency with the Court's previous Guidelines range calculation, which placed the Defendants at approximately 21 percent below the high end of the applicable range.

At the April 19, 2023, sentencing hearing, the Court calculated the Defendants' Guidelines at an Offense Level 34, Criminal History Category I, with zero criminal history points, for a range of 151-188 months. In addressing the 18 U.S.C. § 3553(a) factors, the Defendants' Joint

---

[2] Rather than reiterate the factors set forth in 18 U.S.C. § 3553(a) and the Government's position as to each, the Government incorporates by reference its arguments in the Government's Sentencing Memorandum [DE 363] and the Government's Sur-Reply In Opposition to Defendants Joint Reply to the Court's Show Cause Order [DE 420].

3

Sentencing Memorandum addressed their placement on the OFAC list [DE 358 at 30] and their family situation [*Id*. at 35-37]. In addition, the Defendants, at the sentencing hearing, highlighted their family situation [Sentencing Tr. 38:24-25; 39:1-4; 42:12-25; and 43:1-8, Apr. 19, 2023] and attempts at cooperation and identifying assets that could be used to satisfy fines or forfeiture. Sentencing Tr. 49:9-25, 50:1-2, Apr. 19, 2023. After considering the factors set forth in 18 U.S.C. § 3553(a) and both parties' positions, the Court found that the Defendants' "family situation [was] a mitigating circumstance" but that "a sentence near the top end of the guidelines [was] appropriate." Sentencing Tr. 50: 24-25; 51:3-5, Apr. 19, 2023. The Court sentenced the Defendants to 180 months of imprisonment. Quantitatively, the Court's sentence reflected a reduction of approximately 21 percent from the high end of the Guidelines range.

On November 16, 2023, the Court entered an Indicative Order that it would grant a reduction in sentence under Part B of Amendment 821 to the Guidelines for both Defendants, specifically scoring the Defendants at an Offense Level 32, Criminal History Category One, for a new sentencing range of 121-151 months. [DE 422]. The Defendants, in their Re-Sentencing Memorandum [DE 441] argue that due to their status as "model prisoners," the impact of incarceration on their family, and their placement on the OFAC sanctions list, they should be re-sentenced to 121 months imprisonment, or the very bottom of the revised Guidelines range.[3]

The Court should reject the Defendants' request. As mentioned above, the Court already considered all of the Defendants' arguments—save their claim to be model prisoners—when crafting the Defendants' original sentence. Even if the Court accepts the Defendants' claim to be model prisoners, however, the Government submits that a sentence at the bottom of the applicable

---

[3] The Defendants' Re-Sentencing Memorandum also addresses other factors under seal. The Government submits that these factors are not new and incorporates the relevant positions of its Sur-Reply In Opposition to Defendants Joint Reply to the Court's Show Cause Order [DE 420] (also filed under seal), in response.

Guidelines range is not warranted in this case. Consistent with the Court's original analysis and the weight given to the Defendants' family situation at the original sentencing, the Government submits that the Defendants should be re-sentenced to 151 months imprisonment. However, if the Court does not agree that 151 months is appropriate in this case, the Court should re-sentence the Defendants to no less than 144.5 months of imprisonment, which would be approximately 21 percent below the high end of the Guidelines range and therefore consistent with the Court's prior analysis.

### III.   CONCLUSION

For the reasons set forth above, the Government respectfully requests the Court to re-sentence defendant Diaz to a substantial term of imprisonment of 151 months, but no less than 144.5 months, which would be sufficient, but not greater than necessary, to serve the legitimate purposes of sentencing.

Respectfully Submitted,

GLENN S. LEON
CHIEF, FRAUD SECTION

By:   */s/ Paul A. Hayden*
PAUL A. HAYDEN
Trial Attorney
Court ID No. A5502437
Fraud Section, Criminal Division
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 353-9370
Email: paul.hayden2@usdoj.gov